# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### DOCKET NO. 3:11-cv-190-FDW-DSC

| | |
|---|---|
| **ROY LANE CAMPBELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| **WAYNE GAITHER, IAN GAITHER, and** ) | |
| **Does 1-49,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

THIS MATTER is before the Court on *pro se* Plaintiff's Motion for Entry of Default (Doc. No. 10). Although Plaintiff captioned his motion as a "Motion for Judgment" it is well-settled that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default provided by Rule 55(a)." 10A The Late Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, and Richard L. Marcus, <u>Federal Practice & Procedure</u>, § 2682 (3d ed.). Accordingly, the Court will construe Plaintiff's motion as a Motion for Entry of Default.

On May 4, 2011, Plaintiff returned the summonses issued to Defendants as executed. As proof of service to Defendant Wayne Gaither, Plaintiff submits his own declaration indicating that the he hired a non-party, aged eighteen (18) years or older to deliver a copy of the original Complaint and summonses to Defendants. (Doc. No. 5 at ; Doc. No. 4 at 2). Additionally, Plaintiff includes a FedEx Ground signature receipt for tracking number 468818415061475, delivered to 5924 N. Tryon Street, Charlotte, North Carolina, on April 25, 2011, and signed for by "WGAITHER." (Id. at 3). Similarly, as proof of service to Defendant Ian Gaither, likewise submits a FedEx Ground signature receipt for tracking number 468818415061475, also delivered to 5924 N. Tryon Street, Charlotte, North Carolina, delivered and signed for by "WGAITHER." (Doc. No.

5 at 4).

Notably lacking from either of the declarations Plaintiff submits as proof of service (Doc No. 4; 5) is any indication that Plaintiff averred his statements before a notary public or other official. The North Carolina and federal rules clearly require that proof of service be offered in the form of an affidavit.[1] See Fed. R. Civ. P. 4(l)(1); N.C. Gen. Stat. § 1-75.10(a)(5); N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2); Patterson v. Brown, No. 3:06cv476, 2008 WL 219965 at *12 (W.D.N.C. Jan. 24, 2008) rev'd in part on other grounds, 2010 WL 3303749 (4th Cir. 2010). Plaintiff's signed "declaration" is not competent proof of service and will not be considered by this Court.

Because Plaintiff has not presented sufficient proof of service, Plaintiff's Motion for Entry of Default (Doc. No. 10) must be DENIED without prejudice. **Plaintiff will have twenty-eight (28) days from the date of this order, or by Thursday, September 15, 2011, to file the appropriate proof of service. Failure to do so may result in Plaintiff's Complaint being dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and/or for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).**

IT IS SO ORDERED.

Signed: August 18, 2011

Graham C. Mullen
United States District Judge

---

[1] An "affidavit" is "a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths [e.g., a notary public]." Black's Law Dictionary (9th ed. 2009).

2