# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:11-cv-00190-FDW[1]-DSC

| ROY LANE CAMPBELL, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WAYNE GAITHER & | ) | |
| IAN GAITHER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motions for Summary Judgment (Doc. Nos. 18 & 19) and upon the Court's own motion for dismissal for failure to state a claim upon which relief may be granted. As the complaint and all subsequent filings by Plaintiff fail to adequately state a claim for which relief can be afforded, for the reasons stated below, this Court hereby orders Plaintiff's complaint be DISMISSED. Therefore, Plaintiff's Motions for Summary Judgment are DENIED as moot.

## I. BACKGROUND

Plaintiff filed suit on April 18, 2011, alleging several causes of action against Defendants Wayne and Ian Gaither (Doc. No. 1). In an order dated May 15, 2011, the Court dismissed Plaintiff's claims relating to sales tax evasion, income tax evasion, and unemployment insurance fraud for lack of standing (Doc. No. 9). Remaining are claims for racial discrimination and breach of the covenant of quiet enjoyment. Plaintiff filed a Motion for Summary Judgment as to Ian Gaither on September 21, 2011 (Doc. No. 18) and a Motion for Summary Judgment as to Wayne

---

[1] This Order has been signed by the Honorable Graham C. Mullen, Senior United States District Judge, as the Honorable Frank D. Whitney currently is out of the district for an extended period. See 3:11-mc-0067-W, Doc. 1.

Gaither on September 28, 2011 (Doc. No. 19). Defendants have failed to make an appearance at all stages.

## II. DISCUSSION

When it is clear as a matter of law that no relief can be granted under any set of facts that could be proved consistent with the allegation in a complaint, the court is warranted in ordering a dismissal *sua sponte* under Rule of Federal Civil Procedure 12(b)(6). See Grier v. United States, 57 F.3d 1066 at *1 (4th Cir. 1995) (per curiam) (unpublished table opinion); see also Allran v. Wells Fargo, 424 F. App'x 198 (4th Cir. 2011), *aff'g* 2010 WL 2163281, No. 3:10-CV-200-GCM (W.D.N.C. 2010); Eriline v. Johnson, 440 F.3d 648, 655 n.10 (4th Cir. 2006).

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007)); see also Pollard v. Pollard, 325 F. App'x 270, 271 (4th Cir. 2009) (per curiam) (unpublished) ("Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level. The complaint must contain enough facts to state a claim to relief that is plausible on its face." (internal quotation marks and citations omitted)). This standard requires that Plaintiff "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief," Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009); furthermore, a complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 129 S. Ct. at 1949 (internal quotations and citations omitted).

Here, Plaintiff alleges racial discrimination without any further factual enhancement to show unlawful behavior on the part of Defendants. While Defendants have failed to answer or

appear at any stage of this case, even accepting all the facts alleged by Plaintiff as true, as the Court must do, no legal claim exists upon which to grant relief. Plaintiff's complaint makes only conclusory statements that Defendants' alleged interference is racially motivated, without any factual allegations as to the interference or a basis for believing it is racially motivated. (Am. Compl. ¶ 10) ("Plaintiff is informed and believes that such action(s) by Defendant(s) are racially motivated and violates Plaintiff rights as provided by the Constitution of the United States of America."); (Am. Comp. ¶ 12) ("The fact that Plaintiff has performed his duty(s) under the co tenant rental agreement yet Defendant(s) deny his right to quiet enjoyment of the premises gives rise and cause of this lawsuit for racial discrimination."). Plaintiff's only suggestion of proof of racial discrimination is that Plaintiff is white and Defendants are black. He argues that because of the difference in race and the alleged actions of Defendant, which are not specified, racial discrimination must exist.

To the extent Plaintiff intends to allege a deprivation of civil rights in violation of 42 U.S.C. § 1985(3), Plaintiff does not prevail for the same reasons. As stated in the order denying Plaintiff's motion for TRO (Doc. No. 9, p. 8) in order to prevail on a 42 U.S.C. § 1983(3) claim, Plaintiff must prove, *inter alia*, "(1) that some racial, or perhaps otherwise class-based invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993) (internal quotation marks and alterations omitted); see also Carpenters v. Scott, 463 U.S. 825, 833 (1983); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Ultimately, a § 1985(3) claim requires Plaintiff to show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" behind Defendant's actions. Bray, 506 U.S. at 267 (1993); see also Griffin, 403 U.S. at

101 ("That the statute was meant to reach private action does not, however, mean that it was intended to apply to all tortious, conspiratorial interferences with the rights of others.").

Assuming *arguendo* that Plaintiff's status as a Caucasian puts Plaintiff in a protected class for the purposes of § 1985(3), see <u>Stevens v. Tillman</u>, 586 F. Supp. 289, 293 (N.D. Ill. 1983) ("No decision has been found which expressly extends the protection of § 1985 to whites as well as nonwhites."); <u>see generally</u> <u>Griffin</u>, 403 U.S. at 105 (holding that Congress was within its powers under § 2 of the Thirteenth Amendment in enacting § 1985(3) for *black* citizens who have been victims of conspiratorial, racially discriminatory private action aimed at depriving them of basic rights), Plaintiff still has not alleged facts that indicate racially motivated behavior that support a claim of "racially discriminatory animus." Plaintiff relies on the fact that he has received unexplained "bad treatment" for "no obvious reason[]" (Am. Comp. ¶ 12) to allege such "bad treatment" must have been racially motivated. That is not enough to prove a racially discriminatory animus, nor is it enough to prove that the "bad treatment" was aimed at interfering with Plaintiff's rights that are protected against private and official encroachment. Therefore, the Court dismisses Plaintiff's claim regarding racial discrimination without prejudice.

Without a claim for racial discrimination, Plaintiff's only claim is a violation of his breach of the covenant of quiet enjoyment. This is a state law claim, and this court lacks original jurisdiction to rule on this claim. While courts can exercise supplemental jurisdiction over state law claims, 28 U.S.C. § 1367(a), the Court may decline to exercise that jurisdiction once it has dismissed all claims for which it has original jurisdiction. 28 U.S.C. § 1367(a)(3); <u>see also</u> <u>Hardin v. Belmont Textile Machinery Co.</u>, 355 F. App'x 717, 723 (4th Cir. 2009) (noting that the supplemental jurisdiction doctrine indicates that courts have discretion in retaining or

dismissing state law claims when the federal basis for an action is dismissed); <u>Yashenko v. Harrah's N.C. Casino Co.</u>, 446 F.3d 541 (4th Cir. 2006) ("Once a district court has dismissed the federal claims in an action, it maintains 'wide discretion' to dismiss the supplemental state law claims over which it properly has supplemental jurisdiction.") (citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 353-54 (1988)). The Court declines to exercise jurisdiction over this state law claim because it involves a very specialized area of law that is entirely within the purview of the state. With no pending claims for which the court has original jurisdiction, this claim is best handled by state courts; therefore, the Court dismisses the breach of the covenant of quiet enjoyment claim without prejudice.

Because of the Court's dismissals of all remaining claims, Plaintiff's motions for Summary Judgment against both Defendants (Doc. No. 18, 19) are now moot. Therefore, they are denied.

### III. Conclusion

IT IS THEREFORE ORDERED:

(1) Plaintiff's claim against Defendants for racial discrimination is DISMISSED WITHOUT PREJUDICE.

(2) Plaintiff's claims against Defendants for breach of the covenant of quiet enjoyment is DISMISSED WITHOUT PREJUDICE.

(3) Plaintiffs motion for Summary Judgment as to Ian Gaither (Doc. No. 18) is DENIED as moot.

(4) Plaintiff's motion for Summary Judgment as to Wayne Gaither (Doc. No. 19) is DENIED as moot.

IT IS SO ORDERED.

Signed: October 5, 2011

Graham C. Mullen
United States District Judge